

FILED

12 APR 27 AM 9:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

**OLIVER LAW GROUP, PC**
Brian Tomina, Bar No. 255386
Attorneys for Plaintiff and Proposed Class
950 W. University Dr., #200
Rochester, Michigan  48307
248.327.6556
notifications@oliverlg.com

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

JENNIFER PERAYEFF,
Individually and on Behalf of All
Others Similarly Situated,

    Plaintiffs,

v.

LABRADA BODYBUILDING
NUTRITION, INC.;
LABRADA NUTRITIONAL
SYSTEMS, INC.;
MASS NUTRITION, INC.; and
DOE DEFENDANTS 1-250, inclusive,

    Defendants.

CV12-03651 SVW (JEMx)

Case No.
Hon:

**CLASS ACTION COMPLAINT**

1. VIOLATIONS OF CALIFORNIA
CIVIL CODE SECTION 1750 ET SEQ.

2. VIOLATIONS OF CALIFORNIA
BUSINESS & PROFESSIONS CODE
SECTION 17200 ET SEQ.

3. VIOLATIONS OF STATE
CONSUMER PROTECTION
STATUTES

4. NEGLIGENCE

5. FRAUD

6. BREACH OF WARRANTIES

7. INTENTIONAL
MISPRESENTATION

8. NEGLIGENT
MISREPRESENTATION

9. UNJUST ENRICHMENT

1

**DEMAND FOR JURY TRIAL**

_____/

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff PERAYEFF, ("Plaintiff"), by and through her attorneys

OLIVER LAW GROUP PC, individually and on behalf of all others similarly situated, by their

undersigned counsel, allege the following:

### NATURE OF THE ACTION

1. This is a civil class action brought individually by Plaintiff and on behalf of a class of
   persons similarly situated, ("Class Members"), who purchased the dietary supplement
   Labrada C2 Strength (previously known as CreaLean 2) from Defendants ("Product").

2. The class members are all persons located within the United States who purchased the
   product.

3. Defendants Labrada Bodybuilding Nutrition, Inc. and Labrada Nutritional Systems, Inc.
   (collectively "Defendant Labrada"), advertises, markets, sells and distributes the product.

4. Defendant Mass Nutrition is an online retailer of the product.

5. The dietary supplement industry is a growing and extremely competitive business
   environment, especially the sports (bodybuilding) supplement segment.

6. The product is generally categorized as a creatine ethyl ester product (containing creatine
   ethyl ester hydrochloride), which falsely claims superior efficacy and results compared to
   creatine monohydrate, the leading and most scientifically supported form of creatine.

7. Creatine products are a substantial segment of the sports (bodybuilding) supplement
   segment of the dietary supplement market.

8.  Defendants make numerous false, fraudulent, misleading, and deceptive labeling claims regarding the product.

9.  Defendant Labrada uses several false, fraudulent, misleading, unfair and deceptive claims at the point of purchase for the product on their website www.labrada.com.

10.  Defendant MassNutrition uses several false, fraudulent, misleading, unfair and deceptive claims at the point of purchase for the product on their website www.massnutrition.com.

11.  By Defendants' unfair, deceptive, fraudulent, unfair and misleading practices, Plaintiff and Class Members have been unfairly deceived into purchasing the product.

## JURISDICTION AND VENUE

12.  This Court has jurisdiction over all causes of action asserted herein.

13.  Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class Members in the proposed Class, the combined claims of proposed Class Members exceed $5,000,000 exclusive of interest and costs, and at least one Class Member is a citizen of a state other than Defendants' state of citizenship.

14.  Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery regarding Defendant's sales of product during the class period.

15.  Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted herein occurred in this District. Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendants conduct substantial business in this District, have sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District, through the promotion, sale, and marketing of their products in this District.

16. Additionally, there is complete diversity of parties and the amount in controversy exceeds $75,000 causing venue to be proper pursuant to 28 U.S.C. § 1332(a).

17. Defendants and other out-of-state participants can be brought before this Court pursuant to state and federal law.

## THE PARTIES

18. During the Class period, Plaintiff and Class Members purchased the product through Defendant Labrada's website and/or Defendant MassNutrition's website and/or many different brick/mortar or internet retailers. Plaintiff and Class Members suffered an injury in fact caused by the fraudulent, unfair, deceptive and misleading practices set forth in this complaint.

19. Plaintiff is a resident of the County of Los Angeles, State of California, and the events set forth in this Complaint took place therein, who, on or about November 30, 2011, purchased the product for her own use, and not for resale, from Defendant Mass Nutrition's website www.massnutrition.com.

20. Labrada Bodybuilding Nutrition, Inc. is licensed in the State of Texas, with a principal place of business address at 333 North Park Central Dr., #Z, Houston, TX 77073.

21. Labrada Nutritional Systems, Inc. is licensed in the State of Texas, with a principal place of business address at 333 North Park Central Dr., #Z, Houston, TX 77073.

22. Mass Nutrition, Inc. is licensed in the State of Florida, with a principal place of business address at 8680 Sunset Dr., Miami, FL 33143-3734.

23. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 250, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is

in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## FACTUAL ALLEGATIONS

24. Plaintiff Perayeff reviewed both Defendant Labrada and Mass Nutrition's websites prior to purchasing the product through Defendant Mass Nutrition's website.

25. Plaintiff Perayeff reasonably relied on the information provided by Defendants when making the decision to purchase the product.

26. Defendants' claims are not supported by competent and reliable scientific evidence.

27. Defendants had access, but knowingly and/or recklessly ignored all competent and reliable scientific evidence regarding the product.

28. Defendants use the false, fraudulent, misleading, unfair and deceptive claim, "C2 Strength works at only a fraction of the dosage required with a creatine monohydrate regimen." (Exhibit A).

29. The dosage recommendations on the product label suggest 3 grams daily.

30. During the so-called "maintenance phase" for Creatine Monohydrate ("CM") supplementation, a range of 3-5 grams daily is recommended.

31. Therefore, the recommendation for Creatine Ethyl Ester's ("CEE") dosage to be a fraction is misleading, as the product's recommended dosage is not dramatically different from what is normally recommended for CM supplementation.

32. CEE and CM supplementation at the same dosage has been found to have no differences in supplying muscle strength, power and body composition.

33. If in fact CEE did work at only a fraction of the dosage of CM, then muscle mass and performance responses for CEE should be greater.

34. Defendants use the false, fraudulent, misleading, unfair and deceptive claim, "No Loading Required". (Exhibit B).

35. There is no competent and reliable data to support this claim.

36. Defendants use the false, fraudulent, misleading, unfair and deceptive claims, "Up to 39 Times More Effective than Creatine Monohydrate" and "Up to 39 times stronger than creatine monohydrate!" (Exhibits A and B).

37. There is no competent and reliable data to support these claims.

38. Defendants use the false, fraudulent, misleading, unfair and deceptive claim, "…without worrying about creatinine-conversion…" (Exhibit B).

39. CEE has been shown to have a higher probability of conversion in the body to creatinine than CM.

40. Defendants use the false, fraudulent, misleading, unfair and deceptive claim, "To help you get the best results in the fastest way possible, Labrada now provides you with a superior alternative to regular creatine monohydrate…C2-Strength." (Exhibit B).

41. There is no competent and reliable data to support this claim.

**CLASS ALLEGATIONS**

42. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

43. Plaintiff brings this action on his own behalf and as a Class Action Pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek certification of the following Class:

All Persons in the United States who have spent money purchasing the above stated products from Defendant from four years from the first-filed complaint in this action until the final disposition of this and any and all related cases.

44. The abundance of Class Members renders joinder of all Class members individually, in one action or otherwise, impractical.

45. This action involves questions of law and fact common to Plaintiff and Class Members including:

   (a)  Whether Defendants violated the California Civil Code Section 1750 et seq;

   (b)  Whether Defendants violated the California Business & Professions Code Section 17200 et seq;

   (c)  Whether Defendants violated any State Consumer Protection Statute;

   (d)  Whether Defendants were negligent;

   (e)  Whether Defendants committed fraud;

   (f)  Whether Defendants breached express and implied warranties;

   (g)  Whether Defendants intentionally misrepresented the product to consumers;

   (h)  Whether Defendants negligently misrepresented the product to consumers;

   (i)  Whether Defendants were unjustly enriched as a result of their retention of the benefits conferred by Plaintiff and Class Members; and

   (j)  Whether Plaintiff and Class Members sustained damages and, if so, the proper measure of damages, restitution, equitable or other relief, and the amount and nature of such relief.

46. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class.  Plaintiff will fairly and adequately protect the interests of the Class and lack interests adverse to or which directly conflict with the interest of the Class Members.

47. Plaintiff has engaged legal counsel, experienced in complex class action litigation, to prosecute this action. Counsel shall effectively assert, protect, and represent the rights of Plaintiff and the absent Class Members.

48. Plaintiff's claims are typical of those of the absent Class Members because Plaintiff and the Class Members each a sustained damage arising from Defendants' wrongful conduct, as alleged more fully herein.

49. This action is brought under Fed. R. Civ. P. 23 because Defendants acted on grounds generally applicable to all Class Members.

50. A class action promotes an efficient and economical judicial determination of the common legal and factual issues essential to this case over piecemeal individual determinations.

51. Plaintiff knows of no difficulty encountered in the management of this litigation precluding maintenance as a class action.

<u>**CHOICE OF LAW**</u>

**California's Substantive Law Applies**

**to the Nationwide Class Members**

52. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

53. California's substantive laws apply to the proposed nationwide Class, as set forth in this complaint, because Plaintiff properly brings this action in this District. A United States District Court sitting in diversity presumptively applies the substantive law of the State in which it sits.

54. The Court may constitutionally apply California's substantive laws to Plaintiff and Nationwide Class Members' claims under the Due Process Clause of the Fourteenth

Amendment, § 1, and the Full Faith and Credit Clause, Art. IV, § 1, of the United States Constitution. The claims asserted by Plaintiff contain significant contact, or significant aggregation of contacts, to ensure an adequate state interest and supports the choice of California state law as just and reasonable.

55. Defendants' conduct substantial business in California providing California with an interest in regulating Defendants' conduct under California laws. Defendants' decision to regularly conduct business in California and avail itself of California's laws render the application of California law to the claims at hand constitutionally permissible.

56. The injury to the Plaintiff and a significant number of proposed Class Members by virtue of the misconduct alleged, occurred in California. Plaintiff Perayeff resides in California and purchased Defendants' product in California. A substantial number of the proposed Nationwide Class reside in California and purchased Defendants' product in California.

57. The application of California's laws to the proposed Nationwide Class Members is also appropriate under California's choice of law rules because California has significant contacts to the claims of the Plaintiff and the Nationwide Class Members.

<u>CAUSES OF ACTION</u>

COUNT I

**Violation of California Legal Remedies Act**

**(On Behalf of the Plaintiff and Class Against Defendants)**

58. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

59. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth herein.

60. This cause of action is brought on behalf of all people of the State of California in accordance with the provisions of the California Legal Remedies Act (California Civil Code section 1770). Class members have lost money or property as a result of Defendants' actions as set forth herein.

61. Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct of violation of the California Legal Remedies Act since Defendants are still representing that the product has characteristics and abilities which are false and misleading.

62. Defendants' wrongful business practices have caused injury to Plaintiff and the Class.

63. Pursuant to section 1770 of the California Civil Code, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in this complaint. Plaintiff and the Class seek an order requiring Defendants to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class. Plaintiff and the Class also seek Punitive Damages since Defendants were put on notice of its violations of the California Legal Remedies Act and took no remedial actions.

## COUNT II

### Violation of California Business and Professions
### Code Sections 17200 Et Seq.

#### (On Behalf of the Plaintiff and Class Against Defendants)

64. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

65. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth herein.

66. Defendants' actions as alleged in this complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code section 17200 in that Defendants' actions are unfair, unlawful, and fraudulent, and because Defendants have made unfair, deceptive, untrue or misleading statements in advertising media, including the internet, within the meaning of California Business and Professions Code sections 17500, et seq.

67. Defendants' business practices, as alleged herein, are unfair because they offend established public policy and/or immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are potentially mislead by the facts set forth herein.

68. Defendants' business practices alleged herein are unlawful because the conduct constitutes false marketing and advertising and other causes of actions alleged herein.

69. Defendants' business practices as alleged herein are fraudulent because they are likely to deceive customers into believing that the product is more effective and superior to creatine monohydrate.

70. Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendants are marketing and selling the product in a manner likely to deceive the public.

71. Defendants' wrongful business practices have caused injury to the Plaintiff and the Class.

72. Pursuant to section 17203 of the California Business and Professions Code, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in this complaint.  Plaintiff and the Class also seek an order

requiring Defendants to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

## COUNT III

### Violation of State Consumer Protection Statutes

### (On Behalf of the Plaintiff and Class Against Defendants)

73. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

74. Plaintiff and Class Members acted as consumers, purchasing the products for personal, family or household purposes.  The products qualify as a "good," or "merchandise," under various state Consumer Protection Statutes and the Class Members' purchases of the products constitute a "transaction".

75. Defendants, in connection with the sale of the products, engaged in deceptive, unconscionable, unfair, fraudulent and misleading commercial practices.

76. Defendants concealed, suppressed, or omitted material facts with the intent that Plaintiff and Class Members rely upon such concealment, suppression or omissions.  Defendants' objectively deceptive conduct had the capacity to deceive reasonable consumers under the circumstances.

77. Defendants' general course of conduct impacted the public because the acts were part of a generalized course of conduct affecting numerous consumers.

78. Defendants' conduct, which included deception, fraud, false pretenses, false promises, misrepresentations, and the knowing concealment, suppression, or omission of material facts caused the resulted injury in fact and an ascertainable loss of money or property to Plaintiff and Class Members.  The resulting injury to Plaintiff and Class Members was reasonably foreseeable by Defendants.

79. Plaintiff, on behalf of himself and Class Members, seek to recover the damages suffered, including actual and punitive damages, restitution of all monies wrongfully acquired by Defendants as a result of this misconduct, injunctive and declaratory relief, attorney fees and costs of suit and other non-monetary relief as appropriate.

80. The aforementioned practices by Defendants violated consumer protection laws:

| State | Citation |
|---|---|
| Alabama | Ala. Code §§ 8-19-1 to 8-19-15 |
| Alaska | Alaska Stat. §§ 45.50.471 to 45.50.561 |
| Arizona | Ariz. Rev. Stat. Ann. §§ 44-1521 to 44-1534 |
| Arkansas | Ark. Stat. Ann. §§ 4-88-101 to 4-88-115 |
| California | Cal. Civ. Code §§ 1750 to 1784 |
|  | Cal. Bus. & Prof. Code §§ 17200 to 17209 |
| Colorado | Col. Rev. Stat. §§ 6-1-101 to 6-1-1001 |
| Connecticut | Conn. Gen. Stat. §§ 42-110a to 42-110q |
| Delaware | Del. Code. Ann. tit. 6, §§ 2501 to 2598 |
| District of Columbia | D.C. Code Ann. §§ 28-3901 to 28-3909 |
| Florida | Fla. Stat. Ann. §§ 501.201 to 501.976 |
| Georgia | Ga. Code Ann. §§ 10-1-370 to 10-1-438 |
| Hawaii | Hawaii Rev. Stat. §§ 481A to 481X |
| Idaho | Idaho Code §§ 48-601 to 48-619 |
| Illinois | Ill. Rev. Stat. ch. 815, §§ 505 to 601 |
| Indiana | Ind. Code Ann. §§ 24-5-0.5 to 24-5-25 |
| Iowa | Iowa Code Ann. §§ 714.16 to 7.14.26, 714A, B, D |
| Kansas | Kan. Stat. Ann. §§ 50-623 to 50-6107 |
| Kentucky | Ky. Rev. Stat. §§ 367.110 to 367.993 |
| Louisiana | La. Rev. Stat. Ann. §§ 51:1401 to 51:1425 |
| Maine | Me. Rev. Stat. Ann. tit. 5, §§ 205A to 214 |
|  | Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216 |
| Maryland | Md. Com. Law Code Ann. §§ 13-101 to 13-501 |
| Massachusetts | Mass. Gen. Laws Ann. ch 93A §§ 1 to 11 |
| Michigan | Mich. Comp. Laws §§ 445.901 to 445.922 |
| Minnesota | Minn. Stat. Ann. §§ 325D.09 to 325D.16 |
|  | Minn. Stat. Ann. §§ 325D.43 to 325D.48 |
|  | Minn. Stat. Ann. §§ 325F.67 to 325F.99, 325G |
| Mississippi | Miss. Code. Ann. §§ 75-24-1 to 75-24-175 |
| Missouri | Mo. Rev. Stat. §§ 407.010 to 407.1355 |

| | |
|---|---|
| Montana | Mont. Code. Ann. §§ 30-14-101 to 30-14-143 |
| Nebraska | Neb. Rev. Stat. §§ 59-1601 to 59-1623 |
| | Neb. Rev. Stat. §§ 87-301 to 87-306 |
| Nevada | Nev. Rev. Stat. §§ 598.0903 to 598A |
| New Hampshire | N.H. Rev. Stat. Ann. §§ 358-A:1 to 358-A:13 |
| New Jersey | N.J. Stat. Ann. §§ 56:8-1 to 56:8-184 |
| New Mexico | N.M. Stat. Ann. §§ 57-12-1 to 57-12-26, 12B |
| New York | N.Y. Gen. Bus. Law §§ 349 to 350-f-1 |
| North Carolina | N.C. Gen. Stat. §§ 75-1 to 75-115 |
| North Dakota | N.D. Cent. Stat. §§ 51-15-01 to 51-15-11 |
| Ohio | Ohio Rev. Code Ann. §§ 1345.01 to 1345.99 |
| | Ohio Rev. Code Ann. 4165.01 to 4165.04 |
| Oklahoma | Okla. Stat. Ann. tit. 15, §§ 751 to 799 |
| | Okla. Stat. Ann. tit. 78, §§ 51 to 55 |
| Oregon | Or. Rev. Stat. §§ 646.605 to 646.656 |
| Pennsylvania | Pa. Stat. Ann. tit. 73, §§ 201-1 to 210-6 |
| Rhode Island | R.I. Gen. Laws §§ 6-13.1-1 to 6-13.1-28 |
| South Carolina | S.C. Code §§ 39-5-10 to 39-5-170 |
| South Dakota | S.D. Codified Laws Ann. §§ 37-24-1 to 37-24-48 |
| Tennessee | Tenn. Code Ann. §§ 47-18-101 to 47-18-5304 |
| Texas | Tex. Bus. & Com. Code Ann. §§ 17.01 to 17.904 |
| Utah | Utah Code Ann. §§ 13-11-1 to 13-11-23 |
| Vermont | Vt. Stat. Ann. tit. 9, §§ 2451 to 2480n |
| Virginia | Va. Code §§ 59.1-196 to 59.1-207 |
| Washington | Wash. Rev. Code §§ 19.86.010 to 19.86.920 |
| West Virginia | W. Va. Code §§ 46A-6-101 to 46A-6-110 |
| | W. Va. Code §§ 46A-7-101 to 46A-7-115 |
| Wisconsin | Wis. Stat. §§ 100.01 to 100.55 |
| Wyoming | Wyo. Stat. §§ 40-12-101 to 40-12-509 |

## Count IV

## Negligence

### (On Behalf of the Plaintiff and Class Against Defendants)

81. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

82. Defendants have a duty to refrain from false, fraudulent, misleading, unfair and deceptive

    advertising, marketing, and labeling of the products in which they sell.

14

83. Defendants breached the duty to refrain from false, fraudulent, misleading, unfair and deceptive advertising, marketing, and labeling of the product.

84. As a direct result of the false, fraudulent, misleading, unfair and deceptive advertising, marketing, and labeling, Plaintiff and Class Members were tricked into purchasing product.

85. Plaintiff and Class Members relied on Defendants' claims and spent their money, which they otherwise would not have, in purchasing the product.

**Count V**

**Fraud**

**(On Behalf of the Plaintiff and Class Against Defendants)**

86. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

87. Defendants misrepresented the efficacy and results associated with the use of the product through advertising and labeling.

88. Defendants' statements about the product are false, misleading, unfair and deceptive.

89. Defendants market and design advertisements targeted at the Plaintiff and Class members. Defendants intended Plaintiff and Class Members to rely on its representation of the product.

90. Defendants knew that the representations set forth herein were false when such representations were made and/or made the representations recklessly and without regard for the truth.

91. Plaintiff and Class Members reasonably relied upon Defendants' false representations in purchasing the product.

92. Defendants' misleading and fraudulent conduct was knowing, deliberate, wanton, willful, oppressive and undertaken in conscious disregard of, and with reckless indifference to, Plaintiffs and Class Members' interest, and otherwise of the character warranting the imposition of punitive damages.

93. Plaintiff and Class Members suffered real economic losses and harm as a result of Defendants' intentional misrepresentations and active concealment, as set forth specifically herein.

94. Plaintiff's and the Class Members' reliance on Defendants' representations were a substantial factor in causing the harm to Plaintiff and Class Members.

## Count VI

### Breach of Express and Implied Warranties

### (On Behalf of the Plaintiff and Class Against Defendants)

95. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

96. The product is a "good" within the meaning of Uniform Commercial Code Article 2.

97. Defendants' conduct as described herein constitutes a breach of express warranty of affirmation.  In particular, each and every assertion of the Defendant regarding the efficacy and results of the use of the product.

98. Defendants' conduct as described herein constitutes a breach of an implied warranty of merchantability.  In particular, the product was not merchantable at the time of sale because Defendants' product did not conform to Defendants' promises and affirmations on the labeling contained in the Defendants' websites and product label.

99. Defendants' conduct as described herein constitutes a breach of an implied warranty of fitness for a particular purpose.  In particular, Plaintiffs relied upon Defendants' false, misleading, unfair and deceptive claims when purchasing the product.

100.     As a proximate result of the aforementioned wrongful conduct and breach, Plaintiff and Class Members have suffered and will continue to suffer damages and economic loss in an amount to be proven at trial.  Defendants had actual or constructive notice of such damages.

101.     The aforementioned practices by Defendants violate the following states laws regarding express and implied warranties:

| State | Citation |
|---|---|
| Alaska | §42.02.313-315 |
| Alabama | Code § 7-2-313-315 |
| Arizona | Arizona Rev. Stat. Ann. § 47-2313-315 |
| Arkansas | Code Ann. § 4-2-313-315 |
| California | California Commercial Code §2313-315 |
| Colorado | Colorado Rev. Stat. § 4-2-313-315 |
| Connecticut | Conn. Gen. Stat. Ann. § 42a-2-313-315 |
| District of Columbia | D.C. Stat. § 28:2-313-315 |
| Hawaii | Haw. Rev. Stat. § 490:2-313-315 |
| Indiana | Ind. Code § 26-1-2-313-315 |
| Kansas | Kansas Stat. Ann. § 84-2-313-315 |
| Louisiana | La. Civ. Code. Ann. Art. 2520 |
| Maine | 11 Maine Rev. Stat. Ann. § 2-313-315 |
| Massachusetts | Mass. Gen. Laws Ann. 106 § 2-313-315 |
| Minnesota | Minn. Stat. Ann. § 336.2-313-315 |
| Mississippi | Miss. Code Ann. § 75-2-313-315 |
| Missouri | Missouri  Rev. Stat. §400.2-313-315 |
| Montana | Mont. Code Ann. 30-2-313-315 |
| Nebraska | Neb. Rev. Stat § 2-313-315 |
| Nevada | Nev. Rev. Stat. §104.2313-315 |
| New Hampshire | N.H. Rev. Stat. § 382-A:2-313-315 |
| New Jersey | N.J. Stat. Ann. 12A:2-313-315 |
| New Mexico | N.M. Stat. Ann. § 55-2-313-315 |
| New York | N.Y. U.C.C. Law § 2-313-315 |
| North Carolina | N.C. Gen. Stat. Ann. § 25-2-313-315 |
| Oklahoma | Okla. Stat. Ann. Tit. 12A, § 2-313-315 |

| Oregon | Or. Rev. Stat. § 72.3130-150 |
| Pennsylvania | Pa. Stat. Ann. Tit. 13, § 2313-315 |
| Rhode Island | R.I. Stat. § 6A-2-313-315 |
| South Carolina | S.C. § 36-2-313-315 |
| South Dakota | S.D. Cod. Laws § 57A-2-313-315 |
| Tennessee | Tenn. Code. Ann. § 47-2-313-315 |
| Texas | Tex. Bus. & Com. Code Ann. §2.313-315 |
| Utah | Ut. Code Ann. § 70A-2-313-315 |
| Vermont | Vt. Stat. Ann. § 2-313-315 |
| Washington | Wa. Ann. 62A.2-313-315 |
| West Virginia | W. Va. Code § 46-2-313-315 |
| Wyoming | Wyo. Stat. 34.1-2-313-315 |

## Count VII

### Intentional Misrepresentation

### (On Behalf of the Plaintiff and Class Against Defendants)

102.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

103.     Defendants intentionally misrepresented and concealed from consumers the true nature of the product, which made false, deceptive and illusory the sale of such goods.

104.     These representations were intentionally made to potential customers and the general public through uniform false, misleading, and deceptive claims, through made media and point-of-sale advertising, and through other information prepared or disseminated by Defendants. As a direct and proximate result of these false, misleading, and deceptive claims, Plaintiff and the Class Members have been damaged in an amount to be proven at trial.

105.     Defendants at all times knew that Plaintiff and Class Members relied upon the false, misleading, and deceptive claims provided by Defendants, and the materiality of such claims is established by State and Federal law. Defendants' false, misleading and

deceptive claims were intended to influence consumers' purchasing decisions and were intentionally done with disregard for the rights of consumers.

## Count VIII

### Negligent Misrepresentation

### (On Behalf of the Plaintiff and Class Against Defendants)

106.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

107.    Defendants negligently and/or recklessly misrepresented and concealed from consumers the true nature of the product, which made false, deceptive and illusory the sale of such goods.

108.    These representations were negligently or recklessly made to potential customers and the general public through uniform false, misleading, and deceptive claims, through made media and point-of-sale advertising, and through other information prepared or disseminated by Defendants.  As a direct and proximate result of these false, misleading, and deceptive claims, Plaintiff and the Class Members have been damaged in an amount to be proven at trial.

109.    Defendants at all times knew that Plaintiff and Class Members relied upon the false, misleading, and deceptive claims provided by Defendants, and the materiality of such claims is established by State and Federal law.  Defendants' false, misleading, and deceptive claims were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers.

## Count IX

### Unjust Enrichment

#### (On Behalf of the Plaintiff and Class Against Defendants)

110.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

111.    The actions of the Defendants, in creating and executing a scheme by which the Defendants made numerous false, fraudulent, misleading, unfair and deceptive claims, unjustly enriching the Defendants with millions of dollars at the expense of the Class Members.

112.    The actions of the Defendants in creating and executing this scheme are wrongful, and the Defendants are not entitled to retain the money derived from this scheme.

113.    As a result, the Defendants have been unjustly enriched at the expense of Plaintiff and the Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members demand judgment in their favor against the Defendants, individually, jointly and severally, as follows:

a.  A determination that this action proceed as a class action and Plaintiff adequately represents the Class;

b.  For compensatory, consequential and special damages in amounts proved, as well as statutory damages, including a return of all amounts paid for the products sold by the Defendants to the Plaintiff and Class Members;

c.  For interest thereon, in the maximum amount allowable under applicable law;

d.  For delay damages thereon, in the maximum amount allowable under applicable law;

e.  For costs of suit, in the maximum amount allowable under applicable law;

f.   For punitive damages, to the maximum amount permitted under applicable law;

g.   For an award of attorneys' fees and costs, to the maximum amount permitted under applicable law;

h.   For injunctive relief, restraining and enjoining the Defendants from continuing to use these deceptive sales tactics;

i.   For such other and further relief for the Plaintiff and Class Members as this Honorable Court shall deem just.

Date: April 20, 2012                                    Respectfully Submitted,


                                                        /s/ Brian Tomina
                                                        Brian Tomina
                                                        Oliver Law Group, PC
                                                        Attorney for Plaintiffs
                                                        950 W. University Dr., #200
                                                        Rochester, Michigan  48307
                                                        248.327.6556

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class Members demand trial by jury as to all matters and issues triable.

Date: April 20, 2012

Respectfully Submitted,

/s/ Brian Tomina
Brian Tomina
Oliver Law Group, PC
Attorney for Plaintiffs
950 W. University Dr., #200
Rochester, Michigan  48307
248.327.6556
notifications@oliverlg.com